FILED

Sergio Maciel Garcia
19029 E. Compton Blvd.
Compton, CA 90221

2023 JAN 24  AM 9: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

### IN THE UNITED STATES DISTRCT COURT
### CENTRAL DISTRICT OF CALIFORNIA,
### WESTERN DIVISION

CV23-524-GW(MRWx)

VICTORIA CHAU

        Plaintiff(s),

vs.

SERGIO MACIEL GARCIA
Does 1 to 10
        Defendant(s),

**CASE NO.:**

**NOTICE OF FILING and NOTICE OF REMOVAL OF UNLAWFUL DETAINER ACTION, TO UNITED STATES DISTRICT COURT UNDER 28 USC 1332,1441, AND 1446 (DIVERSITY)**

**(Los Angeles Superior Court Compton Courthouse, Case No. 22CMUD01477)**

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT:**

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF**

**THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, COMPTON**

**COURTHOUSE:**

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. Section 1441 and 1446,** and other federal statutes, on January 24, 2023, a Notice of Removal of the above captioned case was filed in the United States District Court for the Central District of California, Western Division, a copy of which is attached hereto, and that said matters shall proceed hereafter in the United States District Court for the Western Division.

Dated the 24th day of January, 2023

By: _____

    SERGIO MACIEL GARCIA

---

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

Sergio Maciel Garcia
1909 E. Compton Blvd.
Compton, CA 90221

# IN THE UNITED STATES DISTRCT COURT
## CENTRAL DISTRICT OF CALIFORNIA,
### WESTERN DIVISION

| | |
|---|---|
| VICTORIA CHAU | CASE NO.: |
|      Plaintiff(s), | |
| vs. | NOTICE OF REMOVAL OF UNLAWFUL DETAINER ACTION, TO UNITED STATES DISTRICT COURT UNDER 28 USC 1332,1441, AND 1446 (DIVERSITY) |
| SERGIO MACIEL GARCIA | |
|      Defendant(s), | (Los Angeles Superior Court Compton Courthouse, Case No. 22CMUD01477) |

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT:

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF

THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, COMPTON

COURTHOUSE:

- 1 –
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1.  **PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. Section 1441 and 1446,**
    Defendant Sergio Maciel Garcia, in the above captioned case hereby removes to this Court
    from the following identified State Court action, which now has matters pending as further
    described below:

**IN THE MATTER OF:**

VICTORIA CHAU (Plaintiff) v. SERGIO MACIEL GARCIA (Defendant)

SUPERIOR COURT CASE NO.: 22CMUD01477

2.  On or about November 2, 2022 an unlawful detainer action was commenced in the
    Limited Civil Division of the Superior Court of California, County of Los Angeles,
    Compton Courthouse., captioned as VICTORIA CHAU (Plaintiff) v. SERGIO MACIAL
    GARCIA (DOES 1 TO 10) (Defendant), with Case No.: 22CMUD01477. A copy of
    Summons and Complaint are hereto attached as Exhibit A.

3.  Defendant Sergio Maciel Garcia, placed his answer onto the case and hereby is
    challenging jurisdiction of said court and raising issues therein that must be heard under
    equal protection under the law, and retention of rights and remedies in law.

**JURISDICTION**

1.  This Court now has proper jurisdiction over this cause of action for removal, pursuant to,
    but not limited to, the following statutory points and authorities: TITLE 28, USC 1332,
    1441, AND 1446,.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

## STATEMENT OF FACTS

1.      Petitioner reiterates that this removal is established in this Court to secure rights as protected by the above referenced federal codes and statutes and foundation documents, where such expectation of protection of rights and due process cannot be secured in the limited jurisdiction of the current state court. Petitioner states that he has been living in the premises located at 1909 E. Compton Blvd., Compton, CA 90221, for more than 10 years, and admits that he was only two day late of his rent payment, therefore, Plaintiff took advantage of that situation and immediately filed an unlawful detainer action, since Plaintiff's interest is to have the property vacant as soon as possible in order to sell it.

2.      Before the filing of the unlawful detainer action, Plaintiff Chau tried convincing Mr. Sergio Maciel Garcia to accept an offer in the amount of $10,000.00, so Mr. Maciel Garcia and his family could move out of the premises. When Plaintiff was certain that Petitioner was not goint to move out, Plaintiff Chau decided to proceed with an eviction case in the state Court.

Mr. Sergio Maciel Garcia, states that Plaintiff Chau and her husband are only looking into their own interest and well-being, as they are desperate for Petitioner to vacate the premises in order to put the property for sale.

3.      Petitioner Maciel Garcia and his family have lived in the premises for over 10 years, and always paid their rent on time, not to mention, that, during that time, Petitioner Maciel Garcia made all the repairs needed in the premises, repairs that were paid straight from his pocket, as Plaintiff Chau and her husband never incurred with any expenses for

the same.  Currently, Plaintiff and his family do not count with a new place to live at; neither are able to move their belonging right away as demanded by Plaintiff.

4.      Petitioner intends to raise substantive issues in this federal case and in order to insure protection of due process and preservation of rights, do hereby stat that such limited civil cases for unlawful detainer do not allow for challenge of jurisdiction; raising relevant issues, and as such represent willful deprivation of rights pursuant to the USC title sections referenced herein.  This removal is necessary to overcome the undue prejudice caused by the Unlawful Detainer restrictions and numerous violations perpetrated by Plaintiff in said case prior to the filing of the unlawful detainer action. Plaintiffs acts are of bad faith, unclean hands and with no just or rightful basis of actions leading to Petitioner' Macial Garcia and his family eviction.

5.      At such raised issues, which cannot be determined in a limited case of unlawful detainer, and to allow such to proceed when material facts cannot be presented in such a forum, would be a deprivation of rights and not in the interest of justice.

### **RELIEF REQUESTED.**

1.  It is required that this removal into this Court proceed in order to gain the necessary stay of proceedings and immediate intervention within the exercise of full jurisdiction and authority by this Court to hear the material facts and review established documentary evidenc3e to address the issues of Petitioner's rights.  Failing to do so, will cause irreparable harm and inability to enforce such rights in said state court under the laws providing for the equal protection of rights as per federal codes, statutes and foundational documents and denial of proper remedies in law.

- 4 -

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

2.     **WHEREFORE**,  The Petitioner, Mr. Sergio Maciel Garcia, Defendant named herein above in the above titled state action, requests by this petition, that Case Number 22CMUD01477,  be removed to the United States District Court, Central District of California, Western Division.


Date: January 24, 2025


By: _Sergio Garcia_ _____

SERGIO MACIEL GARCIA

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

"EXHIBIT A"

Electronically FILED by Superior Court of California, County of Los Angeles on 11/02/2022 10:48 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Mena, Deputy Clerk

22CMUD01477

# SUMMONS
## *(CITACIÓN JUDICIAL)*

**SUM-130**

**UNLAWFUL DETAINER—EVICTION**
***(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)***

**NOTICE TO DEFENDANT:** SERGIO MACIEL GARCIA  (DOES 1 TO 10)
***(AVISO AL DEMANDADO):***

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

VICTORIA CHAU

| | |
|---|---|
| **NOTICE!** You have been sued  The court may decide against you without your being heard unless you respond within 5 days  You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff | *¡AVISO! Usted ha sido demandado  Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia  Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante* |
| A letter or phone call will not protect you  Your written response must be in proper legal form if you want the court to hear your case  There may be a court form that you can use for your response  You can find these court forms and more information at the California Courts Online Self-Help Center (*www courts ca gov/selfhelp*), your county law library, or the courthouse nearest you  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court | *Una carta o una llamada telefónica no lo protege  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte  Es posible que haya un formulario que usted pueda usar para su respuesta  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca  Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia* |
| There are other legal requirements  You may want to call an attorney right away  If you do not know an attorney, you may want to call an attorney referral service  If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program  You can locate these nonprofit groups at the California Legal Services website (*www lawhelpca org*), the California Courts Online Self-Help Center (*www courts ca gov/selfhelp*), or by contacting your local court or county bar association | *Hay otros requisitos legales  Es recomendable que llame a un abogado inmediatamente  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados local* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case  The court's lien must be paid before the court will dismiss the case | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas  AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil  Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso* |

1    The name and address of the court is  *(El nombre y dirección de la corte es)*  Superior Court of California, County of LOS ANGELES

**CASE NUMBER *(número del caso)***
22CMUD01477

200 West Compton Blvd.
Compton, CA 90220   COMPTON COURTHOUSE

2    The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is  *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*  Dennis P. Block, Esq.

Dennis P. Block & Associates
455 N. Moss St., Burbank, CA 91502
323 938-2868

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev  January 1, 2022]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure  §§ 412 20, 415.45, 1167
www courts ca gov

SUM-130

| PLAINTIFF (Name) VICTORIA CHAU | CASE NUMBER |
|---|---|
| DEFENDANT (Name): SERGIO MACIEL GARCIA | 22CMUD01477 |

3   (Must be answered in all cases) An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415)  [ X ] **did not**  [ ] **did**
    for compensation give advice or assistance with this form  (If plaintiff has received **any** help or advice for pay from an unlawful
    detainer assistant, complete item 4 below )

4   **Unlawful detainer assistant** (complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)

    a   Assistant's name

    b   Telephone no

    c   Street address, city, and zip

    d   County of registration

    e   Registration no

    f   Registration expires on (date)

    Sherri R. Carter Executive Officer / Clerk of Court

| Date (Fecha) 11/03/2022 | Clerk, by (Secretario)    Y. Mena | , Deputy (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )
(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons (form POS-010) )

[SEAL]

5   **NOTICE TO THE PERSON SERVED:** You are served
    a   [ ] as an individual defendant
    b   [ ] as the person sued under the fictitious name of (specify)
    c   [ ] as an occupant
    d   [ ] on behalf of (specify)
        under  [ ] CCP 416 10 (corporation)          [ ] CCP 416 60 (minor).
               [ ] CCP 416 20 (defunct corporation)  [ ] CCP 416 70 (conservatee)
               [ ] CCP 416 40 (association or partnership)  [ ] CCP 416 90 (authorized person)
               [ ] CCP 415 46 (occupant)             [ ] other (specify)
    e   [ ] by personal delivery on (date)

Electronically FILED by Superior Court of California, County of Los Angeles on 11/02/2022 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Mena,Deputy Clerk
22CMUD01477

Assigned for all purposes to: Compton Courthouse, Judicial Officer: Victor Acevedo

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME: Dennis P. Block, Esq.    STATE BAR NUMBER: 70194 | | |

ATTORNEY OR PARTY WITHOUT ATTORNEY
NAME: Dennis P. Block, Esq.          STATE BAR NUMBER: 70194
FIRM NAME: Dennis P. Block & Associates
STREET ADDRESS: 455 N. Moss St.
CITY: Burbank                    STATE: CA    ZIP CODE: 91502
TELEPHONE NO: 323 938-2868          FAX NO: 323 938-6069
EMAIL ADDRESS: eservice@evict123.com
ATTORNEY FOR (name): VICTORIA CHAU

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 200 West Compton Blvd.
MAILING ADDRESS: 200 West Compton Blvd
CITY AND ZIP CODE: Compton, CA 90220
BRANCH NAME: COMPTON COURTHOUSE

PLAINTIFF VICTORIA CHAU
DEFENDANT SERGIO MACIEL GARCIA
[X] DOES 1 TO 10

| COMPLAINT—UNLAWFUL DETAINER* | CASE NUMBER |
|---|---|
| [X] COMPLAINT [ ] AMENDED COMPLAINT (Amendment Number): | 22CMUD01477 |

**Jurisdiction** *(check all that apply):*

[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded    [X] does not exceed $10,000.
                   [ ] exceeds $10,000 but does not exceed $25,000.
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
    [ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.
    [ ] from unlawful detainer to general limited civil (possession not in issue).    [ ] from unlimited to limited.

1   *PLAINTIFF (name each)*

    VICTORIA CHAU

    alleges causes of action against *DEFENDANT (name each)*

    SERGIO MACIEL GARCIA

2   a   Plaintiff is   (1) [X] an individual over the age of 18 years   (4) [ ] a partnership
                       (2) [ ] a public agency                         (5) [ ] a corporation
                       (3) [ ] other *(specify)*

    b   [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*

3   a   *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county)* 1909 E. COMPTON BLVD., COMPTON, CA 90221

    b   The premises in 3a are *(check one)*
        (1) [X] within the city limits of *(name of city)* COMPTON
        (2) [ ] within the unincorporated area of *(name of county)*

    c   The premises in 3a were constructed in *(approximate year)* 1930

4   Plaintiff's interest in the premises is [ ] as owner [X] other *(specify)* Landlord-Owner
5   The true names and capacities of defendants sued as Does are unknown to plaintiff

\* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a)

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT—UNLAWFUL DETAINER**

Page 1 of 4
Civil Code § 1940 et seq
Code of Civil Procedure §§ 425.12, 1166
www.courts.ca.gov
Westlaw Doc & Form Builder™

**UD-100**

| | |
|---|---|
| PLAINTIFF VICTORIA CHAU | CASE NUMBER. |
| DEFENDANT SERGIO MACIEL GARCIA | 22CMUD01477 |

6  a   On or about *(date)* 02/15/2015
defendant *(name each)*.  SERGIO MACIEL GARCIA

(1)  agreed to rent the premises as a  [X] month-to-month tenancy  [ ] other tenancy *(specify)*
(2)  agreed to pay rent of  $1800.00   payable  [X] monthly  [ ] other *(specify frequency)*
(3)  agreed to pay rent on the  [X] first of the month  [ ] other day *(specify)*
b   This  [X] written  [ ] oral   agreement was made with
(1)  [X] plaintiff   (3)  [ ] plaintiff's predecessor in interest
(2)  [ ] plaintiff's agent  (4)  [ ] Other *(specify)*

c.  [ ] The defendants not named in item 6a are
(1)  [ ] subtenants
(2)  [ ] assignees
(3)  [ ] Other *(specify)*

d  [ ] The agreement was later changed as follows *(specify)*

e  [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1  *(Required for residential property, unless item 6f is checked  See Code Civ Proc , § 1166 )*
f  [X] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*
(1)  [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
(2)  [X] this action is solely for nonpayment of rent *(Code Civ Proc , § 1161(2))*

7  The tenancy described in 6 *(complete (a) or (b))*
a  [ ] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946 2)  The specific subpart supporting why tenancy is exempt is *(specify)*
b  [X] is subject to the Tenant Protection Act of 2019

8  *(Complete only if item 7b is checked  Check all applicable boxes )*
a  [X] The tenancy was terminated for at-fault just cause (Civil Code, § 1946 2(b)(1))
b.  [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946 2(b)(2)) and the plaintiff *(check one)*

(1)  [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946 2(d)(2), in the amount of  $
(2)  [ ] provided a direct payment of one month's rent under section 1946 2(d)(3), equaling  $
to *(name each defendant and amount given to each)*

c.  [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action

9  a  [X] Defendant *(name each)*  SERGIO MACIEL GARCIA

was served the following notice on the same date and in the same manner

(1)  [X] 3-day notice to pay rent or quit
(2)  [ ] 30-day notice to quit
(3)  [ ] 60-day notice to quit
(4)  [ ] 3-day notice to quit
(5)  [ ] 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
(6)  [ ] 3-day notice to quit under Civil Code, § 1946 2(c)  Prior required notice to perform covenants served *(date)*.
(7)  [ ] Other *(specify)*

**UD-100**

| | | CASE NUMBER |
|---|---|---|
| PLAINTIFF VICTORIA CHAU | | |
| DEFENDANT SERGIO MACIEL GARCIA | | 22CMUD01477 |

9    b    (1) On *(date)* 10/26/2022                    the period stated in the notice checked in 9a expired at the end of the day

(2) Defendants failed to comply with the requirements of the notice by that date

c    All facts stated in the notice are true

d    [X] The notice included an election of forfeiture

e    [X] A copy of the notice is attached and labeled Exhibit 2  *(Required for residential property  See Code Civ. Proc., § 1166 When Civil Code, § 1946 2(c), applies and two notices are required, provide copies of both )*

f    [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946 2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c  *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice )*

10    a    [X] The notice in item 9a was served on the defendant named in item 9a as follows

(1) [ ] By personally handing a copy to defendant on *(date)*

(2) [ ] By leaving a copy with *(name or description)*

a person of suitable age and discretion, on *(date)*                    at defendant's

[ ] residence    [ ] business   AND mailing a copy to defendant at defendant's place of residence

on *(date)*                    because defendant cannot be found at defendant's residence or usual place of business

(3) [X] By posting a copy on the premises on *(date)*  10/23/2022

[ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises

on *(date)*  10/23/2022

(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR

(b) [X] because no person of suitable age or discretion can be found there

(4) [ ] *(Not for 3-day notice, see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*

(5) [ ] *(Not for residential tenancies, see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

b    [ ] *(Name)*

was served on behalf of all defendants who signed a joint written rental agreement

c    [ ] *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c*

d    [X] *Proof of service of the notice in item 9a is attached and labeled Exhibit 3*

11    [ ] *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease*

12    [X] *At the time the 3-day notice to pay rent or quit was served, the amount of rent due was  $ 1800.00*

13    [X] *The fair rental value of the premises is  $ 60.00                    per day*

14    [ ] *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b)  (State specific facts supporting a claim up to $600 in Attachment 14 )*

15    [X] *A written agreement between the parties provides for attorney fees*

16    [ ] *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage)*

Plaintiff has met all applicable requirements of the ordinances

17    [ ] *Other allegations are stated in Attachment 17*

18    Plaintiff accepts the jurisdictional limit, if any, of the court

**COMPLAINT—UNLAWFUL DETAINER**

| PLAINTIFF VICTORIA CHAU | CASE NUMBER. |
|---|---|
| DEFENDANT SERGIO MACIEL GARCIA | 22CMUD01477 |

**19  PLAINTIFF REQUESTS**

a    possession of the premises

b    costs incurred in this proceeding

c.   [X]   past-due rent of $ 1800.00

d   [X]   reasonable attorney fees

e   [X]   forfeiture of the agreement.

f   [   ]   damages in the amount of waived rent or relocation assistance as stated in item 8   $

g   [X]   damages at the rate stated in item 13 from

    *date*   11/15/2022

for each day that defendants remain in possession through entry of judgment

h   [   ]   statutory damages up to $600 for the conduct alleged in item 14

i   [   ]   other *(specify)*

20   [X]   Number of pages attached *(specify)*   5

### UNLAWFUL DETAINER ASSISTANT   (Bus. & Prof. Code, §§ 6400–6415)

21   [X]   *(Complete in all cases )* An unlawful detainer assistant   [X] *did* **not**   [   ] *did*

for compensation give advice or assistance with this form *(If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f )*

a   Assistant's name

b   Street address, city, and zip code

c   Telephone no

d   County of registration

e   Registration no

f   Expires on *(date)*

Date   10/27/2022

Dennis P. Block, Esq.

    (TYPE OR PRINT NAME)

▶       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   10/27/2022

See Attached Verification

    (TYPE OR PRINT NAME)

▶       (SIGNATURE OF PLAINTIFF)

## THREE DAY NOTICE TO PAY RENT OR QUIT PREMISES

=========================================================================

TO:

    SERGIO MACIEL GARCIA -
    AND TO ALL OTHERS IN POSSESSION

*---YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agree-
ment under which you hold the possession of the hereinafter described
premises there is now due, unpaid and delinquent rent in the total
sum of $1,800.00, representing the rent due for the period
OCT. 15, 2022 THROUGH NOV. 14, 2022.*

*YOU ARE FURTHER NOTIFIED that within Three (3) days after service
of this Notice on you, you must pay the amount of said rent in full
or quit said premises and deliver up possession of the same to the
landlord/agent, as named below, or I will institute legal
proceedings for an unlawful detainer against you to recover possession
of said premises, to declare said lease or rental agreement
forfeited and to recover rent and punitive damages as allowed by
law.*

*YOU ARE FURTHER NOTIFIED that by this notice the landlord/agent elects
to and does declare a forfeiture of said lease or rental agreement if
said rent is not paid in full within the three (3) day period. The
premises herein referred to are located at the following location:*

1909 E. COMPTON BLVD.
COMPTON, CA 90221

Date: 10/21/2022

    VICTORIA CHAU
    LANDLORD/AGENT

**Person to pay: VICTORIA CHAU**

**Address to Pay: 5431 VENICE BLVD**
                 **LOS ANGELES, CA 90019**

**Phone Number: 626-716-2363**

PAYMENT MAY BE RECEIVED:
MONDAY THROUGH SUNDAY, (Any Calendar Day) 9:00 AM THROUGH 5:00 PM

    **\*\*Please note that Saturday, Sunday and Judicial Holidays are not included
in the 3 day period. If the address to pay is a Post Office Box it must
be mailed only, no personal delivery. Be advised that there has not been
any communication from the tenant to the landlord as to the reason why
rent has not been paid for the period stated above.**

*At this time we have not been informed that your unit is in need of any
repairs. We take our responsibility as a landlord very seriously. If you
believe that items need to be corrected, please address those issues
in writing and we will immediately inspect and make necessary repairs.
Of course, if we do not receive any written repair requests, we will
assume that there are no items that need to be corrected at this time.*

# EXHIBIT 2

**Notice to Tenants-This Tenancy is Subject to
Statewide Rent Control AB 1482**

TO:

SERGIO MACIEL GARCIA

Premises: 1909 E. COMPTON BLVD.
        COMPTON, CA 90221

California law limits the amount your rent can be increased. See Section
1947.12 of the Civil Code for more information. California law also
provides that after all of the tenants have continuously and lawfully
occupied the property for 12 months or more or at least one of the tenants
has continuously and lawfully occupied the property for 24 months or more,
a landlord must provide a statement of cause in any notice to terminate
a tenancy. See Section 1946.2 of the Civil Code for more information.

Date: 10/21/2022

**VICTORIA CHAU**
LANDLORD/AGENT

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
**Dennis Block (Bar #: SBN 70194)**
Dennis Block and Associates APLC
455 N. Moss St, 2nd Floor
Burbank, CA 91502

FOR COURT USE ONLY

TELEPHONE NO 3239382868        FAX NO *(Optional)*
E-MAIL ADDRESS *(Optional)*.
ATTORNEY FOR *(Name)*  Plaintiff(s)

PLAINTIFF/PETITIONER     **VICTORIA CHAU**
DEFENDANT/RESPONDENT:   **SERGIO MACIEL GARCIA**

CASE NUMBER.

**Declaration Of Service Of Notice To Tenant**

REF. NO. OR FILE NO.

1. I, the undersigned, declare that I served the tenant with the: **THREE DAY NOTICE TO PAY RENT OR QUIT PREMISES; NOTICE TO TENANTS-THIS TENANCY IS SUBJECT TO STATEWIDE RENT CONTROL AB 1482**

### Constructive Service

2. After unsuccessfully attempting to personally serve the above described documents in Item 1 on each of the named parties, on: **10/23/2022 at 3:20 PM**, I completed service by Serving said documents as authorized by C.C.P. Section 1162 (2,3) in the manner set forth below:

To: **SERGIO MACIEL GARCIA AND ALL OTHERS IN POSSESSION**

On: **10/23/2022 at 3:20 PM**

By posting a copy for said tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant and mailing a copy to said tenant by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid (Declaration of mailing attached) addressed to the tenant at the address where served: **1909 E. COMPTON BLVD., COMPTON, CA 90221**

3. Service Of Process Fees: **$55.99**

# EXHIBIT 3

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **10/24/2022**

**Angela Henry**
(TYPE OR PRINT NAME)
Countrywide Process, LLC
455 N. Moss St, Suite 130
Burbank, CA 91502
888.962.9696 - (Job# 4128655)

(SIGNATURE OF DECLARANT)

☑ a registered California process server:
(i)  ☐ owner   ☐ employee   ☑ independent contractor
(ii) Registration No.: **2016080233**
(iii) County: **Los Angeles**

**Declaration Of Service Of Notice To Tenant**




| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address)* | FOR COURT USE ONLY |
|---|---|
| Dennis Block (Bar #: SBN 70194)<br><br>Dennis Block and Associates APLC<br>455 N. Moss St, 2nd Floor<br>Burbank, CA 91502<br><br>TELEPHONE NO. 3239382868    FAX NO *(Optional)*<br>E-MAIL ADDRESS *(Optional)*.<br>ATTORNEY FOR *(Name)*. Plaintiff(s) | |

| PLAINTIFF/PETITIONER    VICTORIA CHAU | CASE NUMBER· |
|---|---|
| DEFENDANT/RESPONDENT·  SERGIO MACIEL GARCIA | |
| **Proof of Service by Mail** | REF. NO. OR FILE NO. |

I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

On **10/23/2022** I mailed the following:

**THREE DAY NOTICE TO PAY RENT OR QUIT PREMISES; NOTICE TO TENANTS-THIS TENANCY IS SUBJECT TO STATEWIDE RENT CONTROL AB 1482**

In said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at **PARAMOUNT, CA**, addressed as follows:

> **SERGIO MACIEL GARCIA AND ALL OTHERS IN POSSESSION**
> **1909 E. COMPTON BLVD.**
> **COMPTON, CA 90221**

Service Fees: **$55.99**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **10/24/2022**

| **Angela Henry** | |
|---|---|
| *(TYPE OR PRINT NAME)* | *(SIGNATURE OF DECLARANT)* |

Countrywide Process, LLC
455 N. Moss St, Suite 130
Burbank, CA 91502
888.962.9696 - (Job# 4128655)

[✓] a registered California process server:
(i)   [ ] owner   [ ] employee   [✓] independent contractor.
(ii)  Registration No.: **2016080233**
(iii) County: **Los Angeles**

**Proof of Service by Mail**

```
 1                    ( VERIFICATION   446 AND 2015.5 C.C.P. )

 2

 3 | STATE OF CALIFORNIA        )
   |                            ) SS
 4 | COUNTY OF LOS ANGELES      )

 5 |

 6 |    I, THE UNDERSIGNED SAY:

 7 | I AM THE PLAINTIFF IN THE WITHIN ACTION. I HAVE READ

 8 | THE FOREGOING COMPLAINT FOR UNLAWFUL DETAINER AND KNOW

 9 | THE CONTENTS THEREOF AND THAT THE SAME IS TRUE OF MY OWN

10 | KNOWLEDGE, EXCEPT AS TO MATTERS WHICH ARE THEREIN STATED

11 | UPON MY INFORMATION OR BELIEF, AND AS TO THOSE MATTERS THAT I

12 | BELIEVE IT TO BE TRUE.

13 |

14 | I CERTIFY (OR DECLARE) UNDER THE PENALTY OF PERJURY, THAT THE

15 | FOREGOING IS TRUE AND CORRECT.

16 |

17 | EXECUTED ON  10/28/22      AT LOS ANGELES, CA.

18 |

19 |

20 | XX  [signature]

21 |    Victoria Chau

22 |

23 |

24 |

25 |

26 |

27 |
28 |_____
```

Electronically FILED by Superior Court of California, County of Los Angeles on 11/02/20 10:48 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Mena,Deputy Clerk

**UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER 70194 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Dennis P. Block, Esq. | | |
| FIRM NAME: Dennis P. Block & Associates | | |
| STREET ADDRESS: 455 N. Moss St. | | |
| CITY Burbank    STATE. CA    ZIP CODE 91502 | | |
| TELEPHONE NO 323 938-2868    FAX NO 323 938-6069 | | |
| EMAIL ADDRESS: eservice@evict123.com | | |
| ATTORNEY FOR (name): VICTORIA CHAU | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 200 West Compton Blvd.
MAILING ADDRESS: 200 West Compton Blvd
CITY AND ZIP CODE: Compton, CA 90220
BRANCH NAME: COMPTON COURTHOUSE

PLAINTIFF VICTORIA CHAU
DEFENDANT SERGIO MACIEL GARCIA  (DOES 1 TO 10)

| PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | CASE NUMBER. 22CMUD01477 |
|---|---|

*All plaintiffs in unlawful detainer proceedings must file and serve this form  Filing this form complies with the requirement in Code of Civil Procedure section 1179 01 5(c).*
- *Serve this form and any attachments to it with the summons*
- *If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
- *If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.*

1  PLAINTIFF *(name each)* VICTORIA CHAU

   alleges causes of action in the complaint filed in this action against DEFENDANT *(name each).*
   SERGIO MACIEL GARCIA  (DOES I TO 10)

2  **Statutory cover sheet allegations** (Code Civ  Proc , § 1179 01 5(c))
   a  This action seeks possession of real property that is *(check all that apply)*  [X] Residential    [ ] Commercial
      *(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action  If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5, a summons may be issued )*
   b  This action is based, in whole or in part, on an alleged default in payment of rent or other charges  [X] Yes    [ ] No

3  *Item 3 has been removed as it only applied before July 1, 2022.*

THIS SPACE INTENTIONALLY LEFT BLANK

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev  July 16, 2022]

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Code of Civil Procedure, § 1179.01 et seq
www.courts ca gov
Westlaw Doc & Form Builder

**UD-101**

| PLAINTIFF VICTORIA CHAU | CASE NUMBER. |
|---|---|
| DEFENDANT SERGIO MACIEL GARCIA | 22CMUD01477 |

---

THIS SPACE INTENTIONALLY LEFT BLANK

---

4    **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ Proc , § 1179 02(h))

 a    (1) One or more defendants in this action is a natural person   [ X ] Yes   [   ] No

 (2) Identify any defendant not a natural person

 *(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent )*

 b    (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b)   [   ] Yes   [ X ] No

 (2) Identify any defendant who does not SERGIO MACIEL GARCIA

 *(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent )*

5    [   ] **Unlawful detainer notice expired before March 1, 2020**

 The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020  *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5  (Code Civ. Proc , § 1179 03.5(a)(1).))*

6    [   ] **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**

 The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period  *(Check all that apply )*

 a    [   ] Defendant *(name each).*

 was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179 04  *(Provide information regarding service of the notice or notices in item 8 below )*

 b    [   ] Defendant *(name each)*

 was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179 03(b) and (d)

 *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ  Proc , § 1179.02 5(c) ))*

 *(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form )*

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

**UD-101**

| | |
|---|---|
| PLAINTIFF VICTORIA CHAU<br>DEFENDANT SERGIO MACIEL GARCIA | CASE NUMBER<br>22CMUD01477 |

6  c  Response to notice *(check all that apply).*

    (1) ☐ Defendant *(name each)*

    delivered a declaration of COVID-19–related financial distress on landlord in the time required *(Code Civ. Proc., § 1179.03(f).)*

    (2) ☐ Defendant *(name each)*

    did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required *(Code Civ. Proc., § 1179.03(f).)*

7  ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period

  a ☐ Defendant *(name each).*

  was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section 1179.04 *(Provide information regarding service of the notice or notices in item 8 below.)*

  b ☐ Defendant *(name each)*

  was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d)

    *(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

    *(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

  c  Response to notice *(check all that apply)*

    (1) ☐ Defendant *(name each)*

    delivered a declaration of COVID-19–related financial distress on the landlord in the time required *(Code Civ. Proc., § 1179.03(f).)*

    (2) ☐ Defendant *(name each)*

    did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required *(Code Civ. Proc., § 1179.03(f).))*

  d ☐ Rent or other financial obligations due

    (1) Rent or other financial obligations in the amount of $            was due between September 1, 2020, and September 30, 2021

    (2) Payment of $        for that period was received by September 30, 2021

8  **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you checked item 6 or 7 above. Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This item addresses when and how those notices were provided.)*

  a  **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 *(Code Civ. Proc., § 1179.04(a)),* to defendants identified in 6a or as follows

    (1) ☐ By sending a copy by mail addressed to each named defendant on *(date).*

    (2) ☐ By personally handing a copy to each named defendant on *(date)*

---

UD-101 [Rev. July 16, 2022]

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Page 3 of 5

**UD-101**

| | |
|---|---|
| PLAINTIFF VICTORIA CHAU<br>DEFENDANT SERGIO MACIEL GARCIA | CASE NUMBER<br>22CMUD01477 |

8. a  (3) ☐  By some other method of service described in Code of Civil Procedure section 1162 (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a*)

   (4) ☐  In different ways for different defendants (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a*)

   (5) ☐  Plaintiff was not required to serve the September 2020 notice on the named defendants

   b  **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ Proc, § 1179 04(b)) to defendants identified in 6a and 7a as follows

   (1) ☐  By sending a copy by mail addressed to each named defendant on *(date)*

   (2) ☐  By personally handing a copy to each named defendant on *(date)*.

   (3) ☐  By some other method of service described in Code of Civil Procedure section 1162 (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.*)

   (4) ☐  In different ways for different defendants (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b*)

   (5) ☐  Plaintiff was not required to serve the February 2021 notice on the named defendants

   c  **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ Proc, § 1179 04(c)) to defendants identified in 6a and 7a as follows

   (1) ☐  By sending a copy by mail addressed to each named defendant on *(date)*

   (2) ☐  By personally handing a copy to each named defendant on *(date)*

   (3) ☐  By some other method of service described in Code of Civil Procedure section 1162 (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c*)

   (4) ☐  In different ways for different defendants (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c*)

   (5) ☐  Plaintiff was not required to serve the July 2021 notice on the named defendants

9. ☐  **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000 (Code Civ Proc, § 1179 02 5)

   a ☐  The tenant did not deliver a declaration of COVID-19–related financial distress within the required time (Code Civ Proc, § 1179 03(f))

   b ☐  The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration (Code Civ Proc, § 1179 02 5(c))

10 ☐  **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period (Check a, b, or c)

   a ☐  Defendant *(name each)*

   was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179 10

   (*If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form*)

   b ☐  The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179 10 does not apply in this action

   c ☐  The 3 days' notice to pay rent or other financial obligations or quit was served on or after July 1, 2022, and the special notice to quit required by Code of Civil Procedure section 1179 10 does not apply in this action

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

**UD-101**

| | CASE NUMBER |
|---|---|
| PLAINTIFF VICTORIA CHAU<br>DEFENDANT SERGIO MACIEL GARCIA | 22CMUD01477 |

11  [X]  **Rent or other financial obligations due after March 31, 2022.** (*Only applicable if action is filed on or after April 1, 2022.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022

12  [X]  **Statements regarding rental assistance** (*Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).*)

  a  Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  [ ] Yes  [X] No

  b  Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint?  [ ] Yes  [X] No

  c  Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  [ ] Yes  [X] No

  d  Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint?  [ ] Yes  [X] No

13  [ ]  **Other allegations** Plaintiff makes the following additional allegations (*State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order*)  [ ] Other allegations are on form MC-025

14  [ ]  Number of pages attached (*specify*).

Date 10/27/2022

Dennis P. Block, Esq.
    (TYPE OR PRINT NAME)

▶ _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(*Use a different verification form if the verification is by an attorney or for a corporation or partnership*)

I am the plaintiff in this proceeding and have read this complaint  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 10/27/2022

See Attached Verification
    (TYPE OR PRINT NAME)

▶ SEE ATTACHED VERIFICATION
    (SIGNATURE)

```
 1                    ( VERIFICATION-UD101    446 AND 2015.5 C.C.P. )

 2

 3    STATE OF CALIFORNIA        )
                                 ) SS
 4    COUNTY OF LOS ANGELES      )

 5

 6       I, THE UNDERSIGNED SAY:

 7    I AM THE PLAINTIFF IN THE WITHIN ACTION. I HAVE READ

 8    THE FOREGOING COMPLAINT-UD101 FOR UNLAWFUL DETAINER AND KNOW

 9    THE CONTENTS THEREOF AND THAT THE SAME IS TRUE OF MY OWN

10    KNOWLEDGE, EXCEPT AS TO MATTERS WHICH ARE THEREIN STATED

11    UPON MY INFORMATION OR BELIEF, AND AS TO THOSE MATTERS THAT I

12    BELIEVE IT TO BE TRUE.

13

14    I CERTIFY (OR DECLARE) UNDER THE PENALTY OF PERJURY, THAT THE

15    FOREGOING IS TRUE AND CORRECT.

16

17    EXECUTED ON  10/08/02      AT LOS ANGELES, CA.

18

19

20    XX

21       Victoria Chau

22

23

24

25

26

27
28    _____
```

Electronically FILED by Superior Court of California, County of Los Angeles on 11/02/2022 10:48 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal, Deputy Clerk

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* 22CMUD01477<br>Dennis P. Block, Esq.    SBN: 70194<br>Dennis P. Block & Associates<br>455 N. Moss St., Burbank, CA 91502<br>TELEPHONE NO.: 323 938-2868    FAX NO. *(Optional):* 323 938-6069<br>E-MAIL ADDRESS: eservice@evict123.com<br>ATTORNEY FOR *(Name):* VICTORIA CHAU | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 200 West Compton Blvd
MAILING ADDRESS: 200 West Compton Blvd
CITY AND ZIP CODE: Compton, CA 90220
BRANCH NAME: COMPTON COURTHOUSE

CASE NAME: VICTORIA CHAU vs. SERGIO MACIEL GARCIA

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☒ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22CMUD01477 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. ☐ Large number of separately represented parties
    b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. ☐ Substantial amount of documentary evidence
    d. ☐ Large number of witnesses
    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 1
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 10/27/2022

Dennis P. Block, Esq.
_____ (TYPE OR PRINT NAME)    ▶    _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1   This information will be used to compile statistics about the types and numbers of cases filed  You must complete items 1 through 6 on the sheet  In item 1, you must check **one** box for the case type that best describes the case  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2 30 and 3 220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3 740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following  (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3 740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading  A rule 3 740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3 740

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex  If a plaintiff believes the case is complex under rule 3 400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/
-Property Damage/Wrongful Death)
Tort**
Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
Product Liability *(not asbestos or
        toxic/environmental)* (24)
Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
Other PI/PD/WD (23)
        Premises Liability (e g , slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e g , assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
        Practice (07)
Civil Rights (e g , discrimination,
        false arrest) *(not civil
        harassment)* (08)
Defamation (e g , slander, libel)
        (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
                or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
Collections (e g , money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
        Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e g , quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
            domain, landlord/tenant, or
            foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
        drugs, check this item, otherwise,
        report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re  Arbitration Award (11)
Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-
            domestic relations)*
        Sister State Judgment
        Administrative Agency Award
            *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
            harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
        Governance (21)
Other Petition *(not specified
        above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

| SHORT TITLE VICTORIA CHAU vs. SERGIO MACIEL GARCIA | CASE NUMBER 22CMUD01477 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives |
| 2. | Permissive filing in Central District | 8 | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9 | Location where one or more of the parties reside. |
| 4 | Mandatory personal injury filing in North District. | 10 | Location of Labor Commissioner Office |
| 5 | Location where performance required, or defendant resides | 11 | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle | | |

| A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (See Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

LASC CIV 109 Rev 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

SHORT TITLE: VICTORIA CHAU vs. SERGIO MACIEL GARCIA

CASE NUMBER: 22CMUD01477

| A<br>Civil Case Cover Sheet<br>Case Type | | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| Non-Personal Injury/Property Damage /Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE VICTORIA CHAU vs. SERGIO MACIEL GARCIA | | CASE NUMBER 22CMUD01477 |
|---|---|---|

| | **A** Civil Case Cover Sheet Case Type | **B** Type of Action (check only one) | **C** Applicable Reasons (See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation            Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☒ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

LASC CIV 109 Rev 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE VICTORIA CHAU vs. SERGIO MACIEL GARCIA | CASE NUMBER 22CMUD01477 |
|---|---|

| | **A** Civil Case Cover Sheet Case Type | **B** Type of Action (check only one) | **C** Applicable Reasons (See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

LASC CIV 109 Rev 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE VICTORIA CHAU vs. SERGIO MACIEL GARCIA | CASE NUMBER 22CMUD01477 |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| Miscellaneous Civil Petitions | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4:  Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address, which is the basis for the filing location including zip code.  (No address required for class action cases).

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☒ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:<br>1909 E. COMPTON BLVD. |
|---|---|
| CITY<br>COMPTON | STATE:<br>CA | ZIP CODE:<br>90221 | |

**Step 5: Certification of Assignment:**  I certify that this case is properly filed in the <u>COMPTON/SOUTH</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>10/27/2022</u>

Dennis P. Block, Esq.

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7. Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.